No. 85-357

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

FIRST SECURITY BANK OF GLENDIVE,
a Montana Banking corp.,
            Plaintiff and Respondent,

        -vs-

LARRY J. GARY and MARY GARY, husband
and wife;
            Defendants and Appellants,

R.H. SCHWARTZ CONSTRUCTION
SPECIALTIES, INC., a Montana
corp. of Glendive, Montana;

            Defendant and Respondent.

_____

FIRST SECURITY BANK OF GLENDIVE,
a Montana Banking corp. of Glendive,
Montana,
            Plaintiff and Respondent,

        -vs-

GARY DATSUN, INC., a Montana corp.,
of Glendive, Montana

            Defendant and Appellant.

_____

APPEAL FROM:   District Court of the Seventh Judicial District,
               In and for the County of Dawson,
               The Honorable H. R. Obert, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Huntley & Eakin; Gene Huntley, Baker, Montana
                Charles W. Hingle, Billings, Montana
                Nye & Meyer, Billings, Montana

        For Respondent:

                Lucas & Monaghan; Thomas Monaghan, Miles City,
                Montana

_____

                        Submitted on Briefs: March 6, 1986

                             Decided:  May 20, 1986

Filed:   MAY 20 1986

_____
                    Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Appellants, Larry J. Gary and Mary Gary, husband and wife, and Gary Datsun, Inc. a Montana corporation appeal from the judgment of the District Court, Seventh Judicial District, County of Dawson, denying the Garys' motion to allow an amendment to their pleadings in Civil No. DV 79-174 to add Gary Datsun, Inc. as a party plaintiff and granting their motion to consolidate Civil No. DV 79-173 and DV 79-174 for purposes of trial.

On December 14, 1978 the First Security Bank of Glendive, Montana committed to loan the Garys $168,000 for the purpose of building an automobile sales facility in Glendive. The original promissory note signed by the Garys was due to be paid and converted to a long term note by June 14, 1979. The Bank recommended R. H. Schwartz Construction Specialities, Inc. to the Garys as a building contractor. On December 27, 1978, Larry Gary and Schwartz entered into a building contract. The Bank apparently did not tell the Garys that Schwartz was one of its customers. It was only during discovery that the Garys learned Schwartz was rather heavily indebted to the Bank. After receiving verification that a written construction contract had been entered with Schwartz the Bank deposited into a building fund account the proceeds of the note in the sum of $168,000.

During the course of construction, the Garys incorporated their business into Gary Datsun, Inc. It is sufficient for our purposes to state that construction of the building did not flow smoothly. By June 1979, the Garys and Schwartz had reached an impasse. The building had not been

- 2 -

completed by the scheduled date, the interim mortgage was due, and the Garys and Schwartz were unable to resolve their differences regarding the construction of the building. As a result, on June 19, 1979, officers of First Security Bank of Glendive met with Larry Gary and advised him that the Bank would have to call his promissory note because of the numerous difficulties.

The Bank brought suit against the Garys, individually, to foreclose the interim mortgage on December 12, 1979 in Dawson County Civil No. DV 79-174. The Bank also sued Gary Datsun, Inc. to recover for a separate loan which had been made to it for $7,000 in Dawson County Civil No. DV 79-173.

In the suit filed against the Garys individually, DV 79-174, the Garys filed a timely response and counterclaimed for damages to them as individuals arising from the Bank's breach of the loan agreement and breach of its duty to act in good faith and in fair dealing. In the suit against Gary Datsun, Inc., DV 79-173, a timely answer was filed but no counterclaim was made against the Bank. Thereafter, a considerable amount of discovery was done and the case against the Garys for foreclosure and the counterclaim against the Bank was set for trial on April 29, 1985.

On January 31, 1985, however, the Bank filed its pretrial memorandum in DV 79-174, wherein it contended that the bulk of the damages being claimed by the Garys on their counterclaim belong to Gary Datsun, Inc. because they occurred after the incorporation, that the corporation was not a party to the counterclaim, and that the statute of limitations had elapsed as to Gary Datsun, Inc. As a result,

the District Court requested the parties to brief the above issues.

In the Garys' memorandum, filed March 11, 1985, the Garys argued that the two cases, DV 79-173 and DV 79-174, should be consolidated for purposes of trial and that they should be allowed an amendment to DV 79-174 to add Gary Datsun, Inc. as a party plaintiff. In its order on March 24, 1985, the District Court consolidated the two actions for purposes of trial but refused to allow the addition of Gary Datsun, Inc. as a party plaintiff on the Garys' counterclaim against the Bank. In its memorandum opinion the District Court stated its reasons as follows:

> With reference to the Court's denial of the Motion to add a party plaintiff in the cause filed by Larry J. Gary and Mary Gary in Civil Number DV 79-174 that ruling on the part of the Court would give new life to an action that the Court believes is barred by the Statute of Limitations.
>
> It is the position of the Court that any counterclaim of Gary Datsun Inc. against Plaintiff is barred by the statute of limitations and the motion is an effort to resurrect a counterclaim through procedural means and these procedural means are not permitted to resurrect a claim barred by the statute of limitations. A Montana case that seems to be directly in point is Engine Builders Inc. versus Seven Seas Import and Mercantile Inc. (Montana 1980), 615 P.2d 871. In that case the Court found that there are two periods of time that determine the period of limitation of actions and when that limitation has expired. One is when the cause of action which gave rise to the suit occurred. The second time is when the action commenced.
>
> The Court further analyzed that case by saying that under Rule 3, Montana Rules of Civil Procedure, "A civil action is commenced by filing a complaint with the Court.". In the instant case by First Security Bank against Gary Datsun Inc., all of the alleged wrongful acts of the Plaintiff took place on or before December 12, 1979. Therefore Gary Datsun Inc. had time within the applicable statute of limitations from that date within which to file his counterclaim for damages. The effect now to amend the pleadings is an effort to extend the statute of limitation as prohibited by the Montana Supreme Court in Engine Builders.

> From December 12, 1979, for a period of at least three years thereafter, Plaintiff was seeking relief against Gary Datsun, Inc. in Dawson County Civil No. DV 79-173.
>
> Gary Datsun Inc. had the right in that action to file an appropriate counter claim against Plaintiff but failed to do so within the time allowed by statute. It is the opinion of the Court that to authorize adding Gary Datsun Inc. as a party in Dawson Civil DV 79-174 would be to allow indirectly what is specifically prohibited as a direct course of action and would in effect create a new cause of action in Gary Datsun, Inc.

The Garys raise one issue for our review: Where it appears that a real party in interest has not been joined as a counterclaimant on a counterclaim, should the District Court, after the statute of limitations has run, allow the joinder of the omitted party or refuse to allow the counterclaim to be proved.

The Garys contend that Gary Datsun, Inc. should have been allowed to join their counterclaim against the Bank in DV 79-174 as the real party in interest pursuant to Rule 17(a), M.R.Civ.P., which provides in pertinent part:

> Every action shall be prosecuted in the name of the real party in interest .. . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

It is the Bank's contention that the Garys are liable as individuals to the Bank on the $168,000 promissory note but are not entitled to a substantial portion of the relief requested in their counterclaim because the Bank's refusal to extend further credit to the Garys occurred after the incorporation of Gary Datsun, Inc. wherein the Garys transferred most of their assets to the corporation.

The record of this case indicates that the Garys sought to join Gary Datsun, Inc. in the counterclaim they had timely filed against the Bank in DV 79-174. The first sentence of Rule 17(a), M.R.Civ.P. requires that an action be brought in the name of the party who possesses the substantive right being asserted under the applicable law. McNeil Construction Company v. Livingston State Bank (9th Cir. 1962), 300 F.2d 88, 90 n. 5. Furthermore, the requirement that an action must be prosecuted in the name of the real party in interest is not limited to original plaintiffs but must also be satisfied for purposes of asserting a counterclaim. Prudential Oil & Minerals Company v. Hamlin (10th Cir. 1960), 277 F.2d 384.

The District Court relied on our decision in Engine Rebuilders, Inc. v. Seven Seas Import-Export & Merc. Inc. (Mont. 1980), 615 P.2d 871, 37 St.Rep. 1406, for its conclusion that any counterclaim that Gary Datsun, Inc. had against the Bank was barred by the applicable statute of limitations. Our holding in Engine Rebuilders, however, is limited to the original filing of a counterclaim. Thus, as the District Court and the parties recognized, Gary Datsun, Inc. was barred by the statute of limitations from asserting its own separate counterclaim in DV 79-173 as well as being joined as a party in DV 79-174 and asserting an independent counterclaim against the Bank. The rule, however, is different when a real party in interest objection is made as to a claim timely filed.

In 6 Wright and Miller, Federal Practice and Procedure, § 1555 (1971) this procedural dilemma is discussed in detail, as follows:

Rule 17(a) was amended in 1966 to add the last sentence, which provides that an action shall not be dismissed on the ground "that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest * * *." The provision goes on to state that ratification, joinder, or substitution is to have the same effect as if the action had been commenced in the name of the real party in interest. This provision originally was developed by the Advisory Committee on Admiralty and, as initially drafted, was limited to certain maritime actions for which the statute of limitations is very short and the identity of the party entitled to sue often is difficult to determine. However, because the proposed amendment also restated the practice of many federal courts and was thought consistent with the better reasoned decisions in both civil actions and admiralty, it was made applicable to all cases.

The final sentence in Rule 17(a) is designed to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought. Thus, a correction in parties is permitted even after the statute of limitations governing the action has run. This provision reflects the general policy of the draftsmen of the federal rules that the choice of a party at the pleading stage ought not have to be made at the risk of a final dismissal of the action should it later appear that there had been an error. In this respect the rule is consistent with the liberal relation back provision in Rule 15(c). Indeed, Rule 15(c) has been used in conjunction with Rule 17(a) to enable an amendment substituting the real party in interest to relate back to the time the original action was filed. The same result could have been reached solely on the basis of the last sentence in Rule 17(a).

In their brief the Garys state that the District Court "ruled that Gary Datsun, Inc. is the real party in interest on the counterclaims originally pleaded by the Garys, but that the statute of limitations bars it from being substituted or joined in that action." Nowhere in the record of this case can we find a ruling by the District Court that Gary Datsun, Inc. is a real party in interest on the counterclaim originally filed by the Garys. It is also difficult, based on the record before us, to determine

- 7 -

whether Gary Datsun, Inc. is in fact a real party in interest on the counterclaim filed by the Garys. We therefore find it necessary to remand this case to the District Court to determine whether Gary Datsun, Inc. is a real party in interest on the counterclaim. We also note that the District Court did not dismiss the Garys' counterclaim, but if Gary Datsun, Inc. is in fact a real party in interest, on the Garys' counterclaim, the District Court's decision denying joinder of Gary Datsun, Inc. to the Garys' counterclaim substantively served as a dismissal all or part of the counterclaim. In the event that the District Court finds Gary Datsun, Inc. to be a real party in interest, then ratification, joinder or substitution of the counterclaim should be allowed by Gary Datsun, Inc. and such action will have the same effect as if the counterclaim had been commenced in the name of Gary Datsun, Inc. If, however, Gary Gatsun, Inc. is not a real party in interest on the counterclaim filed in DV 79-174, the corporation is barred by the statute of limitations based on our decision in Engine Rebuilders from asserting an independent counterclaim against the Bank.

We, therefore, remand to the District Court for further proceedings consistent with this opinion.

_John C. Sheehy_
Justice

We Concur:

_Chief Justice_

- 8 -

_John Conway Harrison_

_Jacob B. Morris_

_William E. Hunt Sr._

Justices