Ray G. BESING, Individually, and Ray G. Besing & Associates, P.C., Appellants,

v.

SEELIGSON, DOUGLASS, FALCONER & VANDEN EYKEL, M.J. "Ike" Vanden Eykel, Thomas T. Rogers, Small, Craig & Werkenthin, Wallace M. Smith and Lynch, Chappell, Allday & Alsup, Appellees.

No. 05–90–01278–CV.

Court of Appeals of Texas, Dallas.

Oct. 30, 1991.

Rehearing Denied Jan. 22, 1992.

---

Jamie Wall, Dallas, for appellants.

Schuyler B. Marshall, B. Scott Tilley, Joe A. Byron, Robert M. Clark, Charles T. Frazier, Jr., Dewayne J. Hesmes, Jonathan B. Skidmore, Dallas, for appellees.

Before WHITHAM, LAGARDE and THOMAS, JJ.

1. 11 U.S.C. §§ 101 *et seq.*

## OPINION

LAGARDE, Justice.

This is a summary judgment case. We are asked to determine whether section 108(a) of the Bankruptcy Code [1] may be invoked, after a reorganization plan is confirmed, to extend the statute of limitations period for a cause of action not reserved in the plan. We hold that it cannot. Consequently, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

This case arose from an underlying suit in which several law firms, appellees, represented Ray G. Besing and his professional corporation, Ray G. Besing & Associates, P.C., appellants. The suit involved a breach of a property-settlement agreement between Besing and his former fiancée. Appellees' collective involvement in that litigation ended at the latest by August 1987.

When appellants lost the underlying suit, they filed for Chapter 11 bankruptcy on March 25, 1988. Following confirmation of a reorganization plan by the bankruptcy court on June 28, 1989, appellants filed a legal malpractice claim against appellees on September 19, 1989. In response to the allegation of malpractice, each appellee filed a motion for summary judgment asserting the affirmative defense of limitations. Appellees claimed that, if a cause of action accrued, it did so no later than August 1987, a time outside the two-year statute of limitations. *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex.1988).

Appellants claimed that the two-year statute of limitations did not apply to them because they were in Chapter 11. They argued that, according to section 108(a) of the Bankruptcy Code, they had two additional years after the bankruptcy filing to commence action in district court. 11 U.S.C.A. § 108(a) (West Supp.1991). Appellees countered that appellants were not entitled to the limitations extension of section 108(a) because the malpractice claim was not expressly reserved to the bankruptcy estate in the confirmation plan.

Thus, the malpractice claim was time barred. The trial court agreed and granted summary judgment. We hold that the trial court properly granted summary judgment.

## ANALYSIS

■ When a defendant moves for summary judgment on the basis of an affirmative defense, the defendant must prove conclusively all the essential elements of the defense. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). We must determine whether appellees carried their burden of establishing that there is no genuine issue of material fact concerning the applicability of section 108(a) to appellants' malpractice claim. On appeal from a summary judgment, we must take as true the uncontroverted evidence of the nonmovants. *Hellman v. Mateo,* 772 S.W.2d 64, 66 (Tex. 1989).

■ We begin by reviewing the stages of Chapter 11 bankruptcy. Pursuant to section 541 of the Bankruptcy Code, the commencement of a bankruptcy action creates an estate.[2] 11 U.S.C.A. § 541 (West 1979 & Supp.1991). The transfer of property into the estate is automatic upon the filing of the petition in bankruptcy. *In re Goff,* 706 F.2d 574, 578 (5th Cir.1983). Thus, when appellants declared bankruptcy, the property at issue here (the cause of action against appellees) was automatically transferred and vested in the bankruptcy estate.

■ When the estate is created, the bankruptcy court may appoint a trustee on request of a party in interest. 11 U.S.C.A. § 1104 (West Supp.1991). In this case, no trustee was requested. Therefore, appellants became debtors-in-possession, and pursuant to section 1107 of the Bankruptcy Code,[3] they had all the rights, powers, and duties of a trustee. *Wood & Locker, Inc. v. Doran & Assocs.,* 708 F.Supp. 684, 687 (W.D.Pa.1989); 11 U.S.C.A. § 1107 (West Supp.1991). As debtors-in-possession, appellants were entitled to rely on the time-extension provision of section 108. *Cunningham v. Healthco,* 824 F.2d 1448, 1460 (5th Cir.1987).

■ As part of their duties as debtors-in-possession, appellants compiled a reorganization plan which the bankruptcy court confirmed on June 28, 1989. Once a plan of reorganization is confirmed: 1) the bankruptcy estate ceases to exist unless the plan specifically provides otherwise, and 2) all estate property revests in the debtor subject to the terms and conditions imposed by the plan. *In re Grinstead,* 75 B.R. 2, 3 (Bankr.D.Minn.1985); 11 U.S.C.A. § 1141(b) (West 1979).[4] Therefore, unless the plan provided otherwise, the suit against appellees belonged to appellants as debtors (not as debtors-in-possession) and they could not invoke the time extension. *Cunningham,* 824 F.2d at 1460; *see Motor Carrier Audit & Collection Co. v. Lighting Prods., Inc.,* 113 B.R. 424, 426 (N.D.Ill. 1989).

Neither the plan nor the confirmation order reflects a reservation of the malpractice cause of action in the bankruptcy estate. Consequently, the cause of action passed from the estate (and from the debtors-in-possession) to appellants as debtors. Because the time-extension provision of section 108(a) does not apply to a debtor, but applies only to a debtor-in-possession, appellants could not use it to extend the statute of limitations.

We hold that no genuine issue of material fact exists concerning the application of section 108(a). Because appellees met their burden of conclusively proving all essential

2. Section 541(a) reads in part:
> The commencement of a case ... creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
> 11 U.S.C.A. § 541(a) (West 1979 & Supp.1991).

3. Section 1107 does contain limited exceptions, but those exceptions are not relevant here.

4. Section 1141(b) reads:
> Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.
> 11 U.S.C.A. § 1141(b) (West 1979).

elements of their limitations defense, we overrule appellants' points of error and affirm the trial court's judgment.