867 P.2d 960

**John O. TINGLEY, Plaintiff–Appellant,**

**and**

**Mary Kamer, Plaintiff,**

**v.**

**Terry E. HARRISON and Jane Doe Harrison, husband and wife, Defendants–Respondents,**

**and**

**Steven L. Herndon and Jane Doe Herndon, husband and wife, Defendants.**

No. 19964.

Supreme Court of Idaho, Coeur d'Alene, October 1993 Term.

Jan. 6, 1994.

Molodragovich, Dale & Dye, Missoula, MT, and Danny J. Radakovich, Lewiston, for plaintiff-appellant. John R. Binney, argued.

Quane, Smith, Howard & Hull, Coeur d'Alene, for defendants-respondents. Susan K. Servick, argued.

CHAS F. McDEVITT, Chief Justice.

Appellant, John Tingley ("Tingley") appeals an order of the trial court granting motions by respondents, Terry Harrison ("Harrison") and Steven Herndon ("Herndon"), for summary judgment in a legal malpractice action. The trial court ruled as a matter of law that the statute of limitation barred the malpractice action. Tingley, who declared bankruptcy in April 1986, almost one year before the present action was filed, contends that the statute of limitation does not bar the action. Tingley asserts that the cause of action is part of the bankrupt estate, and thus subject to an alternative limitation period under the bankruptcy code that has not yet run. We affirm.

## BACKGROUND

This case arises out of a personal injury suit filed by attorneys Harrison and Herndon on behalf of Tingley and his former wife Mary Kamer ("Kamer"). Tingley was injured while fighting a fire at Cedar Ridge Mill near Athol, Idaho, on July 31, 1979. Tingley and Kamer retained the services of Herndon to represent them in a suit against Cedar Ridge to recover damages for the injuries sustained. Herndon filed a complaint on their behalf on July 31, 1981. During the course of the suit, Harrison became associated as counsel for the Tingleys. On

November 16, 1983, the complaint was dismissed based on Rule 41 of the Idaho Rules of Civil Procedure for failure to prosecute. Over two years later, in January or February 1986, Harrison informed Tingley that he thought Herndon had had the case dismissed. When asked during his deposition about the possible dismissal of the underlying action, Tingley replied that he was sure that the case had been dismissed at that time.

Shortly after learning of the dismissal of his personal injury action, Tingley filed a petition pursuant to Chapter 7 of the Bankruptcy Reform Act in the United States Bankruptcy Court for the District of Montana through attorney Jon R. Binney ("Binney"). Tingley listed the instant unresolved claim against Harrison and Herndon on Schedule B-2 as a contingent claim. On March 9, 1987, Tingley and Kamer filed the instant cause of action through their attorney Danny J. Radakovich ("Radakovich") against Harrison and Herndon, alleging that Harrison and Herndon committed professional malpractice and fraudulently concealed their foreknowledge that the underlying personal injury action was going to be dismissed pursuant to the Idaho Rules of Civil Procedure. On March 2, 1988, the district court granted a motion for association of foreign counsel, permitting Binney to serve as associate counsel with Radakovich. On August 15, 1988, the trustee in bankruptcy filed a Ratification Agreement authorizing Tingley to bring the suit in his own name "though the suit is property of the estate and subject to distribution pursuant to 11 U.S.C. § 726."

On November 1, 1988, Judge Magnuson denied respondents' motions for summary judgment filed in May and July of 1988. Judge Kosonen subsequently granted respondents' renewed motions for summary judgment, filed December 11, 1990, based on the running of the statute of limitation. Tingley appeals the trial court's order granting summary judgment to respondents.

## ISSUES ON APPEAL

I. Whether the district court erred in ruling that the statute of limitation barred appellant Tingley from pursuing this cause of action.

II. Whether the district court erred in ruling that 11 U.S.C. § 108(a) extends the statute of limitation to a trustee only and in finding that the trustee failed to timely join this cause of action under 11 U.S.C. § 108(a) or to ratify the cause of action under I.R.C.P. 17(a).

## STANDARD OF REVIEW

A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). Upon a motion for summary judgment, both the district court and the Supreme Court upon review, must liberally construe all disputed facts in favor of the non-moving party. *Bonz v. Sudweeks*, 119 Idaho 539, 541, 808 P.2d 876, 878 (1991). All reasonable inferences that can be made from the record shall be made in favor of the party opposing the motion. *Id.* The burden of proving the absence of a material fact rests at all times upon the moving party. *G & M Farms v. Funk Irr. Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991). However, the opposing party's case must not rest on mere speculation. A mere scintilla of evidence is not enough to create a genuine issue of fact. *Id.* The opposing party's case must "set forth the facts with particularity; for if general averments were sufficient the summary judgment procedure would lose its utility. The requirement of specificity is underscored in cases where the moving defendant has established, prima facie, a defense grounded on the statute of limitations." *Theriault v. A.H. Robins Co.*, 108 Idaho 303, 306, 698 P.2d 365, 368 (1985) (quoting *Johnson v. Gorton*, 94 Idaho 595, 598, 495 P.2d 1, 4 (1972)).

## ANALYSIS

### I.

### THE TRIAL COURT DID NOT ERR IN GRANTING SUMMARY JUDGMENT BASED ON THE RUNNING OF THE STATUTE OF LIMITATION

■ Idaho Code § 5–219(4) provides a two-year statute of limitation for professional malpractice causes of action. It also provides that the cause of action accrues at the time of the occurrence, act, or omission complained of. Idaho case law extends the time of accrual to the date when the plaintiff is damaged where the negligence is continuing. *Griggs v. Nash*, 116 Idaho 228, 232, 775 P.2d 120, 124–25 (1989). Tingley asserts that there is a question of fact concerning the accrual date of the malpractice cause of action that precludes summary judgment in this case. He contends that evidence showing that he did not know that the underlying personal injury action had been dismissed until April of 1986, creates a genuine issue as to the exact date this cause of action accrued. We disagree. The *Griggs* court acknowledged that this Court has interpreted I.C. § 5–219(4) to require "some damage" before the action accrues and the limitation period begins to run. *Id.* See also *Chicoine v. Bignall*, 122 Idaho 482, 483–84, 835 P.2d 1293, 1294–95 (1992); *Bonz v. Sudweeks*, 119 Idaho 539, 542, 808 P.2d 876, 878 (1991). However, this Court has not interpreted I.C. § 5–219(4) to require that the plaintiff has discovered the damage as Tingley contends. *Martin v. Clements*, 98 Idaho 906, 575 P.2d 885 (1978). In *Martin*, plaintiffs brought a cause of action against an attorney, seeking damages resulting from alleged legal malpractice in the probate of their father's estate. In deciding when the cause of action accrued for purposes of applying I.C. § 5–219(4), this Court refused to infuse the I.C. § 5–219(4) limitation period with a "discovery" exception. *Martin*, 98 Idaho at 910, 575 P.2d at 889. See also *Theriault v. A.H. Robins Co.*, 108 Idaho 303, 308, 698 P.2d 365, 370 (1985).

■ Where there is no dispute as to any issue of material fact regarding when the cause of action accrues, the question is one of law for determination by the court. *Reis v. Cox*, 104 Idaho 434, 438, 660 P.2d 46, 50 (1982). In this case, as a matter of law, the latest possible date that Tingley's malpractice cause of action accrued under I.C. § 5–219(4) is November 16, 1983, the date the underlying personal injury action was dis-

missed. It was only on that date, following either a far removed antecedent negligent act or the continuing negligence of respondents, that Tingley was damaged. *See Bonz,* 119 Idaho at 543, 808 P.2d at 879 (determination of what constitutes "damage" must be decided on circumstances presented in individual case). The I.C. § 5–219(4) limitation period applicable to this malpractice action expired November 16, 1985, and, consequently, bars Tingley's complaint, which he did not file until March 1987.

 Tingley's claim for relief is barred even under the extended grace period allowed under I.C. § 5–219(4) for cases where the defendant has fraudulently and knowingly concealed the fact of damage from the injured party. As noted above, this Court has refused to engraft I.C. § 5–219(4) with a discovery rule. However, the statute itself provides a discovery rule when a plaintiff alleges fraudulent concealment of the malpractice. The statute makes clear that when professional malpractice involves fraudulent or intentional concealment of the wrongdoing, even when the initial wrongdoing is merely negligent, the statute of limitation contained in I.C. § 5–219(4) is tolled until the injured party "knows or in the exercise of reasonable care should have been put on inquiry regarding the . . . matter complained of." After that date, the statute of limitation period is one year, after which an action for professional malpractice is barred. *McCoy v. Lyons,* 120 Idaho 765, 772, 820 P.2d 360, 367 (1991).

Tingley sufficiently alleges fraudulent concealment to warrant the application of this limited discovery exception. *See Theriault v. A.H. Robins Co.,* 108 Idaho 303, 306, 698 P.2d 365, 369 (1985) (party alleging fraud must state circumstances constituting fraud with particularity). *See also Johnson v. Gorton,* 94 Idaho 595, 598, 495 P.2d 1, 4 (1972). However, it is indisputable, based on Tingley's affidavit and deposition, that Tingley knew or was placed on inquiry of the dismissal by February 1986, when Harrison met with him and informed him of the dismissal. When asked at deposition whether he thought the lawsuit had been dismissed after Harrison said so, Tingley answered "I was sure of it then, at that particular time." Tingley also stated at deposition that he asked Herndon about the dismissal after Harrison warned him of it. This knowledge on the part of Tingley as shown by the record established a prima facie defense grounded in the statute of limitation. *See Theriault v. A.H. Robins,* 108 Idaho at 306, 698 P.2d at 368. The burden then shifted to Tingley to come forward with sufficient contravening evidence to create a genuine issue of fact. *Id.* Tingley has not met this burden. Tingley had one year from January or February 1986, to bring his cause of action. He did not bring the cause of action until March 9, 1987, beyond the limitation date. Thus, the statute of limitation bars Tingley's claim. Summary judgment for respondents was appropriate.

 Tingley argues alternatively that the doctrine of equitable estoppel prevents respondents from asserting the statute of limitation as a defense, relying on this Court's holding in *Twin Falls Clinic & Hosp. Bldg. Corp. v. Hamill,* 103 Idaho 19, 644 P.2d 341 (1982). In *Hamill,* this Court, in determining that the Idaho legislature did not intend to limit in any way the right of plaintiffs to invoke the doctrine of equitable estoppel by enacting § 5–219 of the Idaho Code, set forth the following as the elements of equitable estoppel:

(1) [A] false representation or concealment of a material fact with actual or constructive knowledge of the truth, (2) the party asserting estoppel did not know or could not discover the truth, (3) the false representation or concealment was made with the intent that it be relied upon, and (4) the person to whom the representation was made or from whom the facts were concealed, relied and acted upon the representation or concealment to his prejudice.

*Hamill,* 103 Idaho at 22, 644 P.2d at 344. *See also Theriault,* 108 Idaho at 307, 698 P.2d at 369; *Anderson v. Anderson,* 116 Idaho 359, 364, 775 P.2d 1201, 1206 (1989); *Williams v. Blakely,* 114 Idaho 323, 325, 757 P.2d 186, 188 (1988). There can be no estoppel absent any of the elements. *Tomerup v. Albertson's,* 101 Idaho 1, 6, 607 P.2d 1055, 1060 (1980). Estoppel may prevent a defen-

dant from asserting the statutory bar when his representations or conduct dissuade a plaintiff from prosecuting a cause of action during the period of limitation. *Theriault,* 108 Idaho at 307, 698 P.2d at 369 (citing *Holmes v. Iwasa,* 104 Idaho 179, 183, 657 P.2d 476, 480 (1983)); *Fairway Dev. Co. v. Petersen,* 124 Idaho 866, 865 P.2d 957 (1993). This is not a proper case for invoking the estoppel doctrine. A search of the record reveals no evidence that defendants exercised any influence over Tingley to dissuade him from bringing his cause of action within the statutory period.

## II.

### THE TRIAL COURT CORRECTLY INTERPRETED AND APPLIED 11 U.S.C. § 108(A) AND I.R.C.P. 17(a)

 Tingley next argues that, because his malpractice claim against Harrison and Herndon is property of the bankrupt estate pursuant to 11 U.S.C. § 541, the claim qualifies for the alternative limitation period harbored in 11 U.S.C. § 108(a), which had not yet run at the time Tingley filed his complaint. We agree that the malpractice claim is part of the bankrupt estate and thus clears the first hurdle to the application of the extended 11 U.S.C. § 108(a) limitation period. However, the claim was not brought by the trustee, which is essential to clear the second hurdle in applying the § 108(a) limitation period. Section 108(a) only tolls the statute of limitations with respect to the trustee or debtor-in-possession, not the debtor. *See Engine Rebuilders v. Seven Seas Import–Export & Merc.,* 189 Mont. 236, 239, 615 P.2d 871, 874 (1980); *Besing v. Seeligson,* 822 S.W.2d 107 (Tex.Ct.App.1991). Therefore, we hold that the malpractice action does not qualify for the section 108(a) extended limitation period.

 bankrupt estate, which is created upon the commencement of a bankruptcy action, includes all legal or equitable interests held by the debtor at the time the action is commenced. 11 U.S.C. § 541(a). The scope of § 541 includes causes of action, regardless of whether the action is transferrable or assignable. *Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705, 708–

09 (9th Cir.1986). *See also Scarlett v. Barnes,* 121 Bankr. 578 (Bankr.W.D.Mont. 1990) (legal malpractice action property of bankrupt estate). Section 108(a) provides that a trustee may bring an action that is part of the bankrupt estate within two years of the bankruptcy court order for relief, if the original statute of limitation governing the cause of action has not expired when the claimant filed the petition in bankruptcy. In this case, the application of § 108(a) would extend the time limitation for filing the cause of action to April 18, 1988, two years from the date relief was granted.

 The record reflects that Tingley commenced this cause of action March 15, 1987, well within the extended two-year limitation period. However, the record also reflects that the trustee did not bring this cause of action; rather, Tingley did. The trustee did not enter the scene until August 15, 1988, four months too late. Tingley maintains that the trustee initiated the malpractice action in Tingley's name for the benefit of the estate and agreed, by ratification, to be bound by the results of such action. Furthermore, Tingley contends, the fact that the trustee ratified the cause of action on August 2, 1988, is enough to induce recognition of the trustee as the real party in interest under I.R.C.P. 17(a). We disagree.

 Rule 17(a) provides that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until the interested party has a reasonable time after objection to ratify the commencement of the action. The rule further states that ratification shall have the same effect as if the action had been commenced in the name of the real party in interest. Tingley's claim that the trustee's ratification relates back to original pleadings under I.R.C.P. 17(a) because the trustee was the real party in interest fails for three reasons. First, respondents objected to Tingley on the grounds that he was not the real party in interest in their answer to the complaint filed August 10, 1987. Rule 17(a) affords a "reasonable" amount of time to correct an inadvertent error in naming the party plaintiff. Joining the trustee as a party at the

late date of August 1988 was not "reasonable."

■ Second, Rule 17(a) only allows retroactive ratification where there was a mistake in naming the original party. *United States for Use & Benefit of Wulff v. CMA*, 890 F.2d 1070, 1074 (9th Cir.1989); *First Sec. Bank v. Gary*, 221 Mont. 329, 334, 718 P.2d 1345, 1348 (1986). In *Wulff*, the appellant asked the court to consider the legal effect of an amended complaint filed after the one-year statute of limitation had run in a cause of action originally brought within the limitation period. The amended complaint named a new claim based on the Miller Act allegedly assigned to the plaintiff. The Ninth Circuit Court refused to treat the amended complaint as a specific ratification by the assignor of the Wulffs' right to maintain the cause of action under I.R.C.P. 17(a), stating that the purpose of the rule is to prevent forfeiture of an action when determination of the right party to sue is difficult or when an understandable mistake has been made, and that it was clear that the assignor was the only party entitled to sue at the time the Wulffs filed the original action. *Wulff*, 890 F.2d at 1074. The court noted that "[r]ule 17(a) is the codification of the salutary principle that an action should not be forfeited because of an honest mistake; it is not a provision to be distorted by parties to circumvent the limitations period." *Id.* at 1075. Tingley has failed to show that he was mistakenly named a party in lieu of the trustee, or that he is invoking the application of rule 17(a) for any other reason than to escape the I.C. § 5–219(4) limitation period.

■ Third, Rule 17(a) only applies when the original complaint is not time barred. *Hess v. Eddy*, 689 F.2d 977, 981 (11th Cir. 1982). In this case, Tingley's claim is time barred. In August 1988, he belatedly attempted to join the trustee as a party in order to circumvent the time bar. This Court will not allow Tingley to manipulate the benevolent purpose of Rule 17(a).

The trial court did not abuse its discretion in finding that the Rule 17(a) relation back doctrine did not apply where there was no evidence of a factual mistake in naming plaintiff Tingley, and therefore properly granted summary judgment in favor of respondents based on the running of the statute of limitation harbored in 11 U.S.C. § 108(a).

Costs on appeal to respondents.

BISTLINE, TROUT and SILAK, JJ. concur.

JOHNSON, Justice, concurring and dissenting.

I concur in part I of the Court's opinion, but must respectfully dissent from part II. In my view, the Court has incorrectly applied I.R.C.P. 17(a) in affirming the trial court's summary judgment.

The Court first concludes that Tingley's delay of one year in joining the trustee as the real party in interest was not "reasonable." No rationale is given for the conclusion that one year was an unreasonable period of time. I can only wonder what standard the trial courts and members of the bar will glean from a reading of this opinion and that of our Court of Appeals in *Conda Partnership v. Const. Co.*, 115 Idaho 902, 771 P.2d 920 (Ct. App.1989), where the Court of Appeals concluded that two years was not an unreasonable time in which to add a real party in interest pursuant to I.R.C.P. 17(a). In *Conda*, the Court of Appeals focused on the lack of prejudice to the party raising the real party in interest objection. *Id.* at 904, 771 P.2d at 922. In this case, the Court makes no reference to prejudice to Harrison, nor is there any evidence of prejudice.

Next, the Court focuses on the lack of a mistake in naming the original party. Nowhere in I.R.C.P. 17(a) is reference made to mistake as a prerequisite to the application of the relation back of the naming of a real party in interest. I could understand the reference to mistake, if we were dealing with the relation back of a claim against a defendant who had been incorrectly identified in the complaint. I.R.C.P. 15(c) refers to mistake in the context of an amendment changing the party against whom a claim is asserted. In my view, the application of I.R.C.P. 17(a) is not governed by the same requirement of mistake. Apparently, the Court has

rewritten I.R.C.P. 17(a) to require a mistake in naming a plaintiff who is not the real party in interest before there can be a relation back of an amendment naming the real party in interest.

The third premise of the Court's ruling in part II of the opinion is that I.R.C.P. 17(a) only applies when the original complaint is not time barred. This ignores the unique circumstances in this case. By virtue of 11 U.S.C. § 108(A), the trustee had a viable claim at the time Tingley filed the complaint, although Tingley did not. Obviously Harrison knew the trustee was the real party in interest when Tingley filed the complaint, because Harrison alleged in the answer that Tingley was not the real party in interest. Under these unique circumstances, the application of the rule cited by the Court is erroneous.