## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 39346

| | |
|---|---|
| ROBBY MOWREY and KIM MOWREY, husband and wife, | ) ) ) |
| Plaintiffs-Appellants, | ) ) **Pocatello, August 2013 Term** |
| v. | ) ) **2013 Opinion No. 130** |
| CHEVRON PIPE LINE COMPANY, a Delaware corporation; NORTHWEST TERMINALLING COMPANY, a Delaware corporation, | ) **Filed: December 6, 2013** ) ) **Stephen W. Kenyon, Clerk** |
| Defendants-Respondents, | ) ) |
| and | ) ) |
| JOHN or JANE DOES, 1-10, JOHN DOE CORPORATIONS 1-10, | ) ) ) |
| Defendants. | ) |

_____

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

The district court's order of dismissal is <u>affirmed</u>. Costs on appeal are awarded to Respondent.

M. Brent Morgan, Chartered, Pocatello, attorneys for Appellants.

Holland & Hart, Boise, attorneys for Respondent. Scott Randolph argued.

_____

W. JONES, Justice

### I. NATURE OF THE CASE

This is an appeal from a district court order dismissing Appellants', Robby and Kim Mowrey ("the Mowreys"), negligence action against Respondent, Chevron Pipe Line Co. ("Chevron"). The district court, on July 13, 2011, ruled that because the Mowreys failed to disclose this claim as an asset in their Chapter 7 bankruptcy proceeding, they were judicially estopped from pursuing this claim against Chevron. In the alternative, the district court ruled that

1

the Mowreys lacked standing as the real party in interest to prosecute this claim because it belongs to the bankruptcy trustee as an asset of the bankruptcy estate. The Mowreys appeal the district court's order and argue the district court erred in granting summary judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On June 29, 2005, Robby Mowrey ("Robby") was injured at Chevron's Pocatello bulk petroleum facility during the course of his employment as a truck driver for the Bowen Petroleum Company. The Mowreys claim that Robby suffered substantial and permanent injury and was incapacitated as a result of the incident. Based on the loss of income resulting from Robby's injury, on September 8, 2005, the Mowreys filed a Voluntary Petition for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Idaho. According to the bankruptcy petition, the Mowreys were not represented by counsel. Even though the Mowreys appeared in bankruptcy court pro se, their bankruptcy petition and supporting schedules were prepared by attorney Thomas Hale, who has since been disbarred from practicing in the Bankruptcy Court for the District of Idaho.

The Mowreys' Schedule B, which purported to list all of the Mowreys' personal property including any potential lawsuits, did not disclose any claim or potential claim against Chevron. The Mowreys' Schedule F, which identifies creditors having unsecured nonpriority claims, disclosed approximately $15,043 owed to unsecured, nonpriority creditors. On December 18, 2005, the Mowreys were granted a discharge of their debts pursuant to section 727, of title 11, of the United States Bankruptcy Code.

In June of 2006, the bankruptcy trustee moved to reopen the Mowreys' bankruptcy estate on the basis that a 2005 tax refund should have been included in the bankruptcy estate. Thereafter, on July 6, 2011, the Mowreys filed an amended schedule of property they claimed to be exempt. In July of 2006, the Mowreys were advised by a representative of the Idaho State Insurance Fund to consult with an attorney regarding the worker's compensation claim of Robby. That same month, the Mowreys retained an attorney who informed them of potential claims against Chevron. The Mowreys did not amend their Schedule B after being informed of potential claims against Chevron.

On May 4, 2007, the bankruptcy court entered an order closing the bankruptcy estate. Six weeks after the bankruptcy estate was closed, on June 19, 2007, the Mowreys filed their Complaint and Demand for Jury Trial against Chevron and an Amended Complaint on July 26,

2007. On January 19, 2011, Chevron filed a Motion for Summary Judgment asserting that the Mowreys were judicially estopped from bringing this action because it was not disclosed in their bankruptcy proceedings. Chevron also sought summary judgment on the basis that the Mowreys were not the real party in interest since it was the bankruptcy trustee alone who possessed the authority to prosecute this claim.

The Mowreys then filed a motion with the bankruptcy court to reopen their case so they could amend their petition and schedules to disclose this cause of action against Chevron, which was granted by the bankruptcy court on January 28, 2011. On January 31, 2011, the Mowreys opposed summary judgment with supporting affidavits of the Mowreys asserting that when they filed their petition for bankruptcy they had no knowledge of their claims against Chevron; that until Chevron's motion for summary judgment they were unaware that their claim should have been disclosed; and that they did not intentionally conceal this cause of action.

On May 3, 2011, the bankruptcy court issued an order which authorized, but did not appoint, the Mowreys' attorney to serve as special litigation counsel on behalf of the bankruptcy trustee to pursue this cause of action and directed that any recovery be applied to satisfy the bankruptcy estate and the trustee's fees before either the Mowreys or their attorney are paid. The Mowreys' attorney never entered any appearance in this matter on behalf of the Bankruptcy trustee, the Bankruptcy trustee itself did not make any appearance, and neither the Bankruptcy trustee nor the Mowreys' attorney made any motion to join the trustee as a party.

On July 13, 2011, the district court granted Chevron summary judgment on the basis that the Mowreys had sufficient knowledge of the undisclosed claim to warrant the imposition of judicial estoppel. The district court also granted Chevron summary judgment on the alternate basis that the Mowreys were not the real parties in interest and that only the bankruptcy trustee had standing to prosecute claims belonging to the bankruptcy estate. On July 25, 2011, the Mowreys filed a Motion for Reconsideration. In their motion for reconsideration, the Mowreys maintained that the original bankruptcy schedules, which did not disclose their potential claim against Chevron, were prepared by attorney Thomas Hale and that they cured their non-disclosure by reopening the bankruptcy estate and amending their assets. The district court denied the Mowreys' motion for reconsideration on September 29, 2011. The Mowreys filed their Notice of Appeal on October 24, 2011, and filed an Amended Notice of Appeal on December 7, 2011.

1. Whether the district court erred when it found the Mowreys were judicially estopped from pursuing their claims against Chevron because they failed to disclose those claims in their bankruptcy case.

2. Whether the district court erred when it granted Chevron summary judgment on the alternate basis that the bankruptcy trustee, and not the Mowreys, is the real party in interest.

## IV. STANDARD OF REVIEW

The Mowreys first maintain that the district court misapplied the summary judgment standard when it granted summary judgment to Chevron on the basis of judicial estoppel because it did not give the Mowreys all reasonable inferences as required under the summary judgment standard of review. However, even though the district court called its dismissal of the Mowreys' claims "summary judgment," this Court clarified in *McCallister v. Dixon*, 154 Idaho 891, 303 P.3d 578 (2013), that when a case is dismissed on the basis of judicial estoppel, "[t]hough the district court called its dismissal . . . 'summary judgment,' in actuality it merely dismissed . . . the action on the basis of judicial estoppel. Therefore, the dismissal . . . will properly be reviewed under the abuse of discretion standard, not the summary judgment standard." *Id.* at 894, 303 P.3d at 581. This Court articulated the standard of review as follows:

> The doctrine of judicial estoppel sounds in equity and is invoked at the discretion of the court. *Sword v. Sweet*, 140 Idaho 242, 252, 92 P.3d 492, 502 (2004). A reviewing court will examine an alleged abuse of discretion based on "(1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason." *Riley v. W.R. Holdings, LLC*, 143 Idaho 116, 121, 138 P.3d 316, 321 (2006).

*Id.*

## V. ANALYSIS

**A. The district court did not abuse its discretion when it judicially estopped the Mowreys from pursuing their claims against Chevron.**

*1. Judicial Estoppel Applies to Bankruptcy Proceedings.*

The district court found the Mowreys were judicially estopped from pursuing their claim against Chevron because the Mowreys had a duty to disclose those claims as an asset in their bankruptcy proceeding. Also it found that the Mowreys did not list the claim when they filed for

4

bankruptcy, during bankruptcy, when the bankruptcy case was reopened, or after filing the claim. It further found that the Mowreys' reliance on ineffective counsel was not a defense to their non-disclosure. The district court found that the Mowreys had knowledge of the claim at times when the bankruptcy case was open. Because the Mowreys only amended their schedules with the bankruptcy court after their non-disclosure was raised by Chevron, the district court found the Mowreys were judicially estopped from pursuing their claims against Chevron.

The Mowreys argue that the district court erred in finding them judicially estopped from pursuing their claims because their non-disclosure was a "good-faith" non-disclosure that lacked the intent to conceal the asset from the bankruptcy court. The Mowreys also argue that the elements of judicial estoppel cannot be met in this case because since Chevron was not a creditor or in any way related to their bankruptcy proceeding, it was not part of the same transaction. The Mowreys sought to distinguish this Court's prior decisions finding judicial estoppel applicable to non-disclosure of assets in bankruptcy on the basis that the debtor must intentionally choose not to disclose those assets. The Mowreys further maintain that judicial estoppel is inappropriate because it would preclude their creditors from recovering, it was the bankruptcy court that was prejudiced, not the district court, and the Mowreys cured any defect when they reopened their bankruptcy case and amended their schedules.

Chevron maintains that the district court did not err when it granted summary judgment because the Mowreys received an advantage when their bankruptcy debt was discharged and they knew of their potential claims against Chevron during the pendency of their bankruptcy. Chevron also notes that the Mowreys failed to disclose their potential claims against Chevron as an asset and that their good-faith non-disclosure does not satisfy the inadvertence-or-mistake exception because it is based on their reliance on ineffective counsel. Finally, Chevron argues that judicial estoppel does not require intentional concealment and that Idaho does not permit a party to cure their non-disclosure.

This case is disposed of by this Court's decision in *McCallister*, which is remarkably similar to this case. In *McCallister*, the plaintiff brought suit against the respondents in that case claiming medical malpractice. After the alleged malpractice, but before filing suit against the respondents, the plaintiff filed for bankruptcy and failed to disclose his lawsuit as a potential asset in his bankruptcy case. The plaintiff subsequently reopened his bankruptcy case and amended his asset schedule to include the lawsuit. The district court dismissed the plaintiff as a

5

party to the lawsuit under the doctrine of judicial estoppel. The district court further ordered that the plaintiff be substituted by the bankruptcy trustee. This Court in *McCallister* extensively discussed judicial estoppel in the context of the non-disclosure of a potential cause of action in a bankruptcy proceeding and held that judicial estoppel extends to bankruptcy proceedings. *McCallister*, 154 Idaho at 894–95, 303 P.3d at 581–82.

In this matter, the Mowreys assert a cause of action against Chevron. In the present matter, it is beyond dispute that the Mowreys had knowledge of their cause of action against Chevron during the pendency of their bankruptcy. The bankruptcy estate was reopened in June of 2006 and remained open until May of 2007. It is clear that the Mowreys knew of a potential cause of action in July of 2006, while their bankruptcy estate was reopened. Indeed, it was the very accident as the heart of this lawsuit that caused them the financial hardship that led to their filing for bankruptcy. A party is under an affirmative duty during the pendency of bankruptcy to amend their schedules to disclose all potential assets. The Mowreys made no such disclosure; rather, they waited until six weeks after their reopened bankruptcy estate closed before filing this cause of action, which they did not disclose to the bankruptcy court until Chevron raised the issue. The Mowreys claim that they did not intend to conceal this cause of action from the bankruptcy court, but it was mere oversight because they were not aware the potential cause of action should have been disclosed. But as we stated in *McCallister*,

> [t]he question of whether it was [plaintiff's] intent to conceal his claim until bankruptcy proceedings closed—so he can keep any potential recovery instead of satisfying his creditors—is not material; there is certainly a motive and an incentive to try concealing the asset for personal gain. Such concealment undermines the effectiveness of the bankruptcy system. Therefore, the district court did not abuse its discretion when it properly recognized judicial estoppel as applicable to situations of non-disclosure of an asset in an earlier bankruptcy proceeding.

*Id.* at 895, 303 P.3d at 582. Therefore, the district court did not abuse its discretion when it found judicial estoppel applicable to the Mowreys' non-disclosure of an asset in their bankruptcy proceeding.

   2.      *The Mowreys are charged with knowledge of this claim against Chevron.*

In *McCallister*, this Court clarified the type of knowledge sufficient to warrant the application of judicial estoppel is "what the [estopped] party knew, or should have known at the time the original position was adopted." *Id.* at 895, 303 P.3d at 582. Specifically, this Court rejected the invitation to inquire into the estopped party's subjective state of mind and instead

6

examines whether the estopped party was, or should have been, sufficiently aware of the facts giving rise to judicial estoppel. *Id.* In a matter where a party fails to disclose a potential cause of action in their bankruptcy schedules, the knowledge that a party is charged with having is considered, not their subjective intent to conceal the asset. *Id.*

As discussed earlier, the Mowreys had knowledge of their claim against Chevron but did not reveal it to the bankruptcy court. Even assuming that the Mowreys are correct that the district court failed to properly weigh inferences in their affidavits (or even if the district court discounted their assertions altogether), the inferences drawn from their affidavits do not refute the knowledge that the Mowreys are charged with having. They only deal with the issue of intent to conceal, which is irrelevant. *Id.* at 896, 303 P.3d at 583. The Mowreys clearly possessed the requisite knowledge for the application of judicial estoppel.

3. *The Mowreys' reopening and amending of their bankruptcy assets does not avoid application of judicial estoppel.*

The Mowreys urge this Court to adopt the Georgia approach and hold that a plaintiff's subsequent reopening and amending of their bankruptcy assets is sufficient to avoid application of judicial estoppel. In *McCallister*, this Court expressly rejected that argument and held that a party's reopening of his or her bankruptcy proceeding and amending his or her asset schedule does not preclude the application of judicial estoppel. *Id.* at 897–98, 303 P.3d at 584–85.

Thus, the Mowreys' subsequent reopening of their bankruptcy estate to amend their asset schedule nearly five years after they certainly became aware of this potential cause of action does not avoid application of judicial estoppel.

4. *The inadvertence-or-mistake exception to judicial estoppel does not apply.*

The Mowreys maintain that their non-disclosure of this cause of action against Chevron satisfies the inadvertence-or-mistake exception of judicial estoppel because they did not intend to conceal the cause of action, they were not aware it should have been disclosed, and they were relying on the assistance of a lawyer. This Court extensively discussed the inadvertence-or-mistake exception in *McCallister*:

> [T]he inadvertence-or-mistake exception is only applicable where it negates the knowledge that the estopped party actually had, or that he or she is reasonably charged with having at the time the estopped party adopted his or her original position. *See* [*Heinze v. Bauer*, 145 Idaho 232, 239, 178 P.3d 597, 604 (2008)] (examining whether the estopped party 'should have recognized any mistakes' in his original position).

7

*Id.* at 898, 303 P.3d at 585.

Our discussion of the inadvertence-or-mistake exception in *McCallister* governs this case. The Mowreys continue to assert that their non-disclosure was in good faith because they lacked the intent to conceal the cause of action; they were ignorant of the requirement that they were required to disclose their cause of action; and their legal counsel failed them. However, whether the Mowreys intended to conceal this potential asset is irrelevant: objectively there was a motive for them to conceal the claim, as is evident by their filing the claim six weeks after the bankruptcy estate closed. Additionally, ignorance of the law and failure of counsel do not negate the knowledge chargeable to the Mowreys. Thus, the inadvertence-or-mistake exception to judicial estoppel does not apply.

**B.     The Mowreys are not real parties in interest and the Bankruptcy trustee is not a party to this case.**

On an alternate basis, the district court dismissed this case on the basis that the Mowreys were not the real party in interest to prosecute this claim. In *McCallister*, this Court noted that "once [the plaintiff] filed for bankruptcy, the potential tort claim he had against Respondents was no longer [the plaintiff's] to assert. It became an asset of the bankruptcy estate for the bankruptcy trustee to assert." *Id.* at 898, 303 P.3d at 585. Indeed, this Court noted that "[a]s to causes of action, *the trustee* of the bankruptcy estate is the *only party* with standing to prosecute causes of action belonging to the estate." *Id.* (emphasis added). A cause of action properly belonging to a bankruptcy estate can be prosecuted by the bankruptcy trustee if the original claim was not time barred by the statute of limitations. 11 U.S.C. § 108 (a). *See Tingley v. Harrison*, 125 Idaho 86, 92, 867 P.2d 960, 966 (1994) (applying § 108(a)).

Here, this cause of action arose from an accident that occurred before the Mowreys filed bankruptcy, and the Mowreys had knowledge of this asset during the pendency of their bankruptcy. Thus, this claim became an asset of the bankruptcy estate, and it was a claim for the bankruptcy trustee alone to assert. Here, unlike *McCallister*, the bankruptcy trustee was not substituted, and the trustee has not pursued this claim. There is no evidence that the trustee is in anyway involved in this case. Though the trustee is clearly the real party in interest to prosecute this claim, and though the Mowreys' attorney was authorized by the Bankruptcy Court to pursue this cause of action on behalf of the trustee, the trustee never joined this case. No notice of appearance was ever filed by the trustee or by and through the Mowreys' attorney on behalf of the trustee. The trustee never filed a motion to join the case as a party. Quite simply, the trustee

was authorized to let the Mowreys' attorney appear, but the trustee was not ordered to appear. Finally, the Notice of Appeal indicates that the trustee never appealed the district court's dismissal of this case on the basis that the Mowreys were not the real party in interest. The trustee cannot now complain that the case was dismissed when the trustee never joined the case as a party or filed a notice of appeal on that issue. Therefore, since the Mowreys were not a real party in interest, and since the bankruptcy trustee was never a party to this case, the district court did not err in dismissing this case on the basis that the Mowreys were not the real parties in interest to prosecute this case.

**C.     Neither party is entitled to attorney fees on appeal.**

Both parties claim they are entitled to attorney fees pursuant to I.C. § 12-121 and Idaho Appellate Rules 40 and 41. Idaho Code § 12-121 permits the Court to award fees to a prevailing party in certain limited circumstances. *Owner-Operator Indep. Drivers Ass'n v. Idaho Pub. Utils. Comm'n*, 125 Idaho 401, 408, 871 P.2d 818, 825 (1994). But attorney fees are not awardable as a matter of right. *Id.* They should only be awarded when the court believes "that the action was pursued, defended, or brought frivolously, unreasonably, or without foundation." *Id.* Attorney fees will not be awarded for arguments that are based on a good faith legal argument. *E.g.*, *Backman v. Lawrence*, 147 Idaho 390, 401, 210 P.3d 75, 86 (2009).

In *McCallister*, a case remarkably similar to this case, this Court declined to grant attorney fees on appeal because "[the plaintiff] made a good faith argument that his omission was not intentional and therefore fell within the ambit of the inadvertence-or-mistake exception. Since this issue is unsettled in Idaho and other courts have addressed this exception in terms of intentionality, attorney fees will not be awarded." 154 Idaho at 899–900, 303 P.3d at 586–87. In the present matter the Mowreys make the same argument. Because their appeal and briefing was filed with the Court before this Court's decision in *McCallister*, the Mowrey's appeal was supported by a good faith legal argument. Thus, neither party is entitled to attorney fees on appeal.

## VI. CONCLUSION

The district court's dismissal of the Mowreys' claim on the basis of judicial estoppel is affirmed. Costs on appeal are awarded to Chevron as the prevailing party.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON, CONCUR.