**UNITED STATES of America for the Use and Benefit of Robert WULFF and Caitlyn Wulff, husband and wife, Plaintiffs–Appellants,**

v.

**CMA, INC. and Reliance Insurance Company, Defendants–Appellees.**

No. 88–4207.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 3, 1989.

Decided Nov. 27, 1989.

John L. Gannon, Boise, Idaho, for plaintiffs-appellants.

Howard W. Carsman, Stafford, Frey, Cooper & Stewart, Portland, Or., for defendants-appellees.

Before NORRIS, THOMPSON and O'SCANNLAIN, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Robert and Caitlyn Wulff (the "Wulffs") appeal the district court's grant of summary judgment in favor of Reliance Insurance Company ("Reliance") dismissing the Wulffs' Miller Act suit filed under 40 U.S.C. § 270a. We affirm.

## FACTS

CMA, Inc. ("CMA") as the prime contractor on a federal construction project for a Veterans Administration hospital in Boise, Idaho, supplied a payment bond written by Reliance Insurance Company in favor of the United States as required by the Miller Act, 40 U.S.C. § 270a et seq. (1982). CMA subcontracted with B & K Fabricators ("B & K") for B & K to build a smokestack as part of the hospital project. B & K completed its work on September 23, 1985, but was never paid the contract price of $6,253.

In the meantime, the Wulffs obtained an Idaho state court judgment against B & K on August 2, 1985, in the sum of $7,000 on an unrelated contract having nothing to do with the VA hospital. In an attempt to collect this judgment the Wulffs caused a writ of garnishment to be levied on CMA to recover money CMA owed to B & K on the smokestack contract. The Wulffs obtained a state court order directing CMA to pay to the Wulffs any money it owed to B & K. When CMA didn't pay, the Wulffs amended their state court action to include CMA as a defendant and on March 17, 1986 they obtained a default judgment against CMA for their claim of $7,000 plus $900 attorney fees.

On September 17, 1986, the Wulffs filed this lawsuit against CMA and Reliance, as surety, under the Miller Act. Six days later the Miller Act one-year statute of limitations expired. 40 U.S.C. § 270b(b) (1982). On June 2, 1987, the Wulffs obtained from B & K a written assignment of B & K's claim against CMA on the smokestack contract. The original complaint was amended to allege this assignment and on June 5, 1987 the Wulffs served Reliance with both the original and amended complaints.

Reliance moved for summary judgment. It challenged the Wulffs' standing to bring a Miller Act claim. Reliance argued that the Wulffs' claim based on the assignment they had obtained from B & K was time barred and did not relate back to the original complaint. As to the original complaint, Reliance pointed out that it was not based on a claim for labor or materials provided to a federal project. The trial court granted summary judgment in favor of Reliance. It concluded that the original

claim did not state a Miller Act cause of action and that the amended claim did not relate back to cure the defect. The Wulffs appeal. We have jurisdiction under 28 U.S.C. § 1291.

## STANDARD OF REVIEW

We review a grant of summary judgment de novo. *Darring v. Kincheloe,* 783 F.2d 874, 876 (9th Cir.1986). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law. *Ashton v. Cory,* 780 F.2d 816, 818 (9th Cir.1986).

## ANALYSIS

The Wulffs contend that their original complaint, based on the state court proceedings, stated a cause of action under the Miller Act. They also argue that their amended complaint, based upon the assignment from B & K, relates back to the original complaint under Fed.R.Civ.P. 15(c) or 15(d). Finally, the Wulffs assert that the assignment from B & K ratifies their standing to bring this action under Fed.R. Civ.P. 17. We address each of these arguments in turn.

### A. *The Original Complaint*

The Wulffs argue that their status as judgment creditors of B & K and CMA entitle them to sue under the Miller Act. They submit that their judgments against B & K and CMA are so analogous to an assignment that they come within the rule that a creditor with an assignment may make a claim upon a Miller Act bond.

■ The purpose of the Miller Act is to protect persons supplying materials and labor for federal projects. *United States ex rel. Martin Steel Constructors, Inc. v. Avanti Constructors, Inc.,* 750 F.2d 759, 761 (9th Cir.1984), *cert. denied,* 474 U.S. 817, 106 S.Ct. 60, 88 L.Ed.2d 49 (1985). Recognizing this purpose, courts have established that a creditor of a contractor who has not received an assignment cannot bring suit under the Miller Act. *United*

*States ex rel. Fidelity Nat'l Bank v. Rundle,* 107 F. 227, 229 (9th Cir.1901); *see also United States ex rel. Owens–Corning Fiberglas Corp. v. Brandt Construction Co.,* 595 F.Supp. 1117, 1119 (C.D.Ill.1984), *vacated,* 826 F.2d 643 (7th Cir.1987), *cert. denied,* 484 U.S. 1026, 108 S.Ct. 751, 98 L.Ed.2d 764 (1988); *United States ex rel. First Continental Nat'l Bank & Trust Co. v. Western Contracting Corp.,* 341 F.2d 383, 387 (8th Cir.1965). It is undisputed that the Wulffs did not provide any labor or materials to the VA hospital project.

The Wulffs cite *United States v. Carter,* 353 U.S. 210, 77 S.Ct. 793, 1 L.Ed.2d 776 (1957), as authority for the proposition that a relationship equivalent to an assignment entitles a party to pursue a Miller Act claim. In *Carter* the Supreme Court allowed the trustees of an employee benefit fund to sue a contractor under the Miller Act to recover unpaid contributions to an employee benefit fund. In its holding, the Court pointed out that although the trustees themselves had not furnished labor or materials to the project they were suing on behalf of employees who had done so:

> The trustees are claiming a recovery for the sole benefit of the beneficiaries of the fund, and those beneficiaries are the very ones who have performed the labor.

*Id.* at 220, 77 S.Ct. at 798. The Wulffs argue that if the trustees of an employee benefit fund can sue under the Miller Act—absent any assignment of the Miller Act claim—then the Wulffs should be entitled to sue under the Miller Act, because their state court judgments are equivalent or superior to an assignment. We disagree. The reasoning which underlies the holding in *Carter* exposes the flaw in the Wulffs' argument.

■ The Supreme Court in *Carter* focused upon the purpose of the Miller Act—the protection of persons supplying materials and labor for federal projects. Here, the Wulffs in their original state court complaint sued for their own benefit not for the benefit of anyone who provided labor or material to the federal project. The state court judgments did not entitle the Wulffs to sue under the Miller Act because

those judgments were not based on any activity associated with the federal construction project. Therefore, the Wulffs' original complaint filed in the district court did not state a cause of action under the Miller Act.

## B. *Relation Back of Amended Complaint*

We next consider the issue whether the Wulffs' amended complaint in which they alleged assignment to them of B & K's Miller Act claim relates back to the Wulffs' original complaint. The Wulffs filed their original complaint in the district court on September 17, 1986. Both parties agree that the Miller Act's one-year statute of limitations expired on September 23, 1986, one year after B & K completed its work on the federal project. *See* 40 U.S.C. § 270b(b) (1982). On June 3, 1987 the Wulffs obtained a written assignment of B & K's claim against CMA for this work. The Wulffs then amended their complaint to allege the assignment and on June 5, 1987 they served Reliance with both the original and amended complaints.

Because the amended complaint was filed eight months after the expiration of the statute of limitations, it is timely only if it relates back to the original complaint which was indisputably filed and served within the statutory limits. The Wulffs argue that their amended complaint relates back to the original complaint under Fed.R. Civ.P. 15(c), dealing with amended pleadings, or 15(d), dealing with supplemental pleadings.

It should first be noted that because the assignment of the claim from B & K took place after this action was commenced, Rule 15(d), rather than Rule 15(c), is applicable. The erroneous characterization of the corrected pleading as an "amended complaint" rather than as a supplemental pleading is immaterial. *See United States ex rel. Atkins v. Reiten*, 313 F.2d 673, 674 (9th Cir.1963).

In *Security Insurance Co. v. United States ex rel. Haydis*, 338 F.2d 444 (9th Cir.1964), a Miller Act suit, we allowed a supplemental pleading filed after the expiration of the one-year statute of limitations to relate back to a previously filed complaint. There, the plaintiff, a supplier of materials to the contractor, had filed his complaint prematurely: the Miller Act, 40 U.S.C. § 270b(a), provides that a person must wait ninety days after the last day in which labor or materials were supplied before that person can sue on the payment bond; the plaintiff had filed his complaint before the ninety-day period had expired. Over one year later, on the day set for trial, the defendant moved to dismiss the complaint because of its premature filing. In response, the plaintiff filed a supplemental pleading alleging that by then the required ninety-day period had elapsed. The defendant argued that the case should be dismissed anyway because (1) the original complaint was premature; (2) the supplemental pleading was filed after the statute of limitations had expired and should not relate back; and (3) even if the supplemental pleading did relate back, it had to relate back to the time the original complaint was filed—a time when the plaintiff could not have filed his complaint under section 270b(a).

We refused to dismiss the case. Instead, citing both Rule 15(c) and 15(d), we held that the supplemental pleading could relate back to the original complaint. *Id.* at 449. Given the facts of *Security Insurance*, this was a just and relatively simple matter. Both of the complaints arose out of the same transaction, the supply of materials to the contractor for the federal project. The supplemental complaint was a copy of the original complaint except for the allegation that the ninety-day waiting period had elapsed. The defendant had notice of the case and was aware that the original complaint was filed prematurely yet he waited over a year to object.

 The facts in the present case are quite different. Unlike *Security Insurance*, which involved the same party suing on the same claim arising out of the same facts, this case involves what is essentially a new party pursuing a new claim based on different facts. The supplemental complaint alleges a cause of action arising out

of a completely different transaction. The Wulffs' original complaint arose out of a contract with B & K, a contract without any connection to the federal construction project which is the subject of this suit. As we have stated, this original complaint did not state a cause of action under the Miller Act because it was in no way associated with work on the federal construction project. The supplemental complaint was based on B & K's assignment of its Miller Act claim against CMA. This claim did arise out of work on the federal project. Under these circumstances, the supplemental complaint should not relate back to the original complaint filed by the Wulffs.

A similar conclusion was reached by the United States Supreme Court in *United States ex rel. Texas Portland Cement Co. v. McCord*, 233 U.S. 157, 34 S.Ct. 550, 58 L.Ed. 893 (1914). In *McCord* the Court refused to allow an amended complaint to relate back to a nonexistent cause of action. There, a plaintiff suing under the predecessor of the Miller Act had filed suit before a six-month waiting period for the government to file an action had expired. The plaintiff later sought to amend his complaint, after the one-year limitations period had expired, to allege that the United States had not filed suit. The Court refused to allow the amendment to relate back. The original complaint did not state a cause of action because the six-month waiting period had not expired at the time the original complaint was filed, and the expiration of that time period without a complaint having been filed by the government was a condition precedent to the existence of the cause of action. Thus, there was no cause of action stated by the original complaint to which the amended complaint could relate back. *Id.* at 164, 34 S.Ct. at 553.[1]

In the present case, the requirement that a person suing under the Miller Act must have furnished labor or material to the federal construction project is a condition precedent to the existence of the cause of action. This element was lacking when the

Wulffs filed their original complaint. Therefore, they did not have a Miller Act claim on which they could sue at that time. When they later obtained the assignment from B & K the statute of limitations had run. Thus, the holding of *McCord*, not *Security Insurance*, is applicable and the supplemental pleading in which the Wulffs alleged that they had obtained the assignment from B & K will not relate back to create a Miller Act claim which the Wulffs did not have when they filed their original complaint.

**C.** *Rule 17(a)*

■ Finally, we address the Wulffs' argument that the amended complaint may be construed as a specific ratification by B & K of the Wulffs' right to maintain this Miller Act claim under Fed.R.Civ.P. 17(a). Rule 17(a) provides in part:

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

The purpose of this portion of Rule 17(a) is to prevent forfeiture of an action when determination of the right party to sue is difficult or when an understandable mistake has been made. Note of Advisory Committee on 1966 Amendment to Fed.R. Civ.P. 17; 6 C. Wright and A. Miller, *Federal Practice and Procedure*, § 1555 (1971).

■ In the present case it is clear that the only party entitled to sue under the Miller Act at the time the Wulffs filed their original complaint was B & K, the subcontractor who had supplied labor and materials to the federal construction project. The Wulffs' persistent efforts to obtain an assignment from B & K of this claim, efforts which were eventually successful—though

---

1. In *Security Insurance*, we distinguished *McCord* in part because in *Security Insurance* the ninety-day waiting period was a statute of

limitations. It was a defense, not a condition precedent to the existence of the cause of action. *See Security Insurance*, 338 F.2d at 446–47.

untimely—show that the Wulffs were aware that B & K was the real party in interest. Thus, there was no difficulty and no mistake in determining who was the proper party to bring suit.

In the Wulffs' Reply Brief they note that the suit was filed on September 17, 1986 "in order to toll the statute of limitations." Rule 17(a) does not apply to a situation where a party with no cause of action files a lawsuit to toll the statute of limitations and later obtains a cause of action through assignment. Rule 17(a) is the codification of the salutary principle that an action should not be forfeited because of an honest mistake; it is not a provision to be distorted by parties to circumvent the limitations period. B & K's assignment to the Wulffs of its claim against CMA cannot ratify the Wulffs' commencement of suit on a claim which theretofore did not exist.

In summary, the Wulffs' original complaint arising out of the state court proceedings did not state a cause of action under the Miller Act. The assignment of B & K's Miller Act claim to the Wulffs will not relate back to the original complaint, and the assignment did not ratify the Wulffs' right to maintain this action.

AFFIRMED.