**In re Kenneth M. OTA, Debtor.**

**Kenneth M. OTA, Appellant,**

v.

**SAMSUNG ELECTRONICS CO., LTD., Appellee.**

BAP No. NC–95–1305–RAsMe.
Bankruptcy No. 93–31447–TC.
Adv. No. 93–3454.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Jan. 17, 1996.

Decided Jan. 30, 1996.

Cathleen Cooper Moran, Mountain View, CA, for Kenneth M. Ota.

Mark Fowler, Palo Alto, CA, for Samsung Electronics Co., Ltd.

Before: RUSSELL, ASHLAND, and MEYERS, Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge:

An assignee of claims against the debtor filed a complaint objecting to the debtor's discharge. The bankruptcy court entered judgment in favor of the objecting party. The debtor appeals on the grounds that an assignee of claims lacks standing to object to discharge. We AFFIRM.

## I. FACTS

Peter Y. Lee ("Lee") and Kenneth M. Ota ("Ota") formed a general partnership ("partnership")[1] for importing and selling semiconductor products and microcomputer chips. The partnership purchased some of its inventory from OC & T Korea, Ltd. (OC & T) and Hyesong Electronics, Ltd. ("Hyesong"). Samsung Electronics Co., Ltd. ("Samsung"), a Korean semi-conductor manufacturer, sold OC & T and Hyesong chips which they in turn sold to the partnership.

In August 1991, the partnership experienced financial difficulties and defaulted on its payment to OC & T and Hyesong. Consequently, OC & T and Hyesong ceased deliveries to the partnership. Later that year, OC & T and Hyesong experienced their own

---

1. The parties refer to Lee and Ota's arrangement as simply the "Lee and Ota general partnership". The record reflects the partnership was also informally known as Verticle Horizon Unlimited, PAL Enterprises, KMO Technology, Eurasia Cosmetics, Infinity Memory Products and Upgrade.

Further, it appears that Lee and Ota never actually formed a partnership. At trial, Ota testified that, "I don't believe that I signed any partnership paper." According to Ota, he understood that he and Lee had simply agreed to share the profits, have co-equal authority and jointly own the assets.

financial problems and defaulted on their obligation to Samsung.

On May 23 1992, OC & T and Hyesong assigned their right to payment from Lee, Ota and the partnership to Samsung, in partial consideration of their debt to Samsung. In July 1992, Samsung filed a claim in Santa Clara County Superior Court against the partnership and against Lee and Ota individually to collect on the assigned debt.[2]

On December 24, 1992, the partnership filed a chapter 7[3] petition. On January 7, 1993, Lee filed an individual chapter 7 petition. The next day, Ota also filed an individual chapter 7 petition.[4]

On October 15, 1993, Samsung filed a complaint to deny Ota's discharge pursuant to §§ 727(a)(3) and (a)(5).[5] The complaint was based upon Ota's alleged failure to maintain adequate financial partnership records and personal financial records and on Ota's alleged failure to explain losses of over $17 million in partnership and individual assets.

On November 24, 1993, Ota filed an answer to the complaint in *propria persona.* Ota denied the allegations and requested dismissal of the complaint. The bankruptcy court denied the request to dismiss and set the matter for trial.

At the trial, Ota challenged Samsung's standing to object to his discharge on the ground that Samsung was merely an assignee of OC & T's and Hyesong's claims and, therefore, did not have standing to object. Over Samsung's objection, the bankruptcy court considered this argument even though

Ota had not asserted this defense in his answer and his trial brief, in which he first raised the issue, was not timely filed.[6]

On February 24, 1995, the bankruptcy court entered its findings of fact and conclusions of law sustaining Samsung's objection and denying Ota's discharge. Ota appeals.

## II. ISSUE

Whether an assignee of claims is a "creditor" with standing to object to a debtor's discharge pursuant to § 727.

## III. STANDARD OF REVIEW

 Generally, a bankruptcy court's determination of whether a debtor has concealed records or has satisfactorily explained a loss of assets in an objection to discharge proceeding is a finding of fact, which is reviewed for clear error. *In re Hawley,* 51 F.3d 246, 248 (11th Cir.1995). However, the bankruptcy court's interpretation of the term "creditor" as defined in the Bankruptcy Code is reviewed *de novo. In re Pacific Atl. Trading Co.,* 33 F.3d 1064, 1065–66 (9th Cir.1994).

## IV. DISCUSSION

 Ota contends that the objecting creditor, Samsung, does not have standing to object to his discharge because Samsung is merely an assignee of OC & T's and Hyesong's claims. Samsung argues that even though it is not the original holder of its claims, it is a creditor as defined by the Bankruptcy Code and, therefore, has stand-

---

2. Although Ota and Lee questioned whether Samsung had a valid claim at the trial, they submitted no evidence and did not meaningfully litigate the question. At this time, Samsung's claims have not been disallowed.

3. Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

4. Ota originally filed his petition in the San Jose division of the Northern District of California. The partnership and Lee filed petitions in the San Francisco division of the Northern District of California. On March 18, 1993, the bankruptcy court in San Jose transferred Ota's case to San Francisco.

5. On October 19, 1993, Samsung also filed an objection to Lee's discharge. On February 24, 1994, the bankruptcy court ordered that the trials on each of Samsung's objections be consolidated. Although the cases were tried together, Ota is the only appellant herein.

6. Although it appears that Ota did not properly reserve his right to argue Samsung's standing, the bankruptcy court considered this argument in light of Ota appearing in *propria persona.* For the same reason, we consider the standing argument on appeal, although we note that Ota appears to have admitted that Samsung has standing in his answer to the complaint at ¶ 9 and that his trial brief was late filed.

ing to object to the debtor's discharge. Both parties rely on *In re Beugen,* 99 B.R. 961 (9th Cir. BAP 1989), *aff'd mem.,* 930 F.2d 26 (9th Cir.1991), in support of their contrary positions.

### A. *An objection to discharge under § 727*

Section 727 provides that a creditor or a trustee may object to the granting of a discharge.[7] The Code defines a creditor as a party holding a claim against the debtor which arose at the time of or before the order for relief was entered. § 101(10).[8] A claim is simply defined as a right to payment or a right to an equitable remedy that gives rise to a right to payment. § 101(5)(A).[9]

Samsung obtained an assignment of claims against Ota from its customers, namely OC & T and Hyesong. The assignment occurred seven (7) months before Ota filed bankruptcy. OC & T and Hyesong assigned their claims as a means of satisfying part of an outstanding debt to Samsung which they were unable to pay because the Lee and Ota partnership had defaulted on its obligation to OC & T and Hyesong. As a result of the assignment, Samsung became a creditor of the partnership, as well as a creditor of Lee and Ota individually. Upon Ota's bankruptcy, Samsung obtained the right to object to Ota's discharge pursuant to § 727. This right does not depend on whether Samsung was an original holder of its claim or whether the claim was purchased or was assigned.

### B. *The debtor misconstrues the holding in Beugen*

The debtor relies on the Bankruptcy Appellate Panel's ("BAP's") opinion in *In re Beugen,* 99 B.R. 961 (9th Cir. BAP 1989), *aff'd mem.,* 930 F.2d 26 (9th Cir.1991) for his contention that a creditor who has purchased

---

7. **727. Discharge**

(a) The court shall grant the debtor a discharge, unless—

(1) the debtor is not an individual;

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

(B) presented or used a false claim;

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

(5) the debtor has failed to explain satisfactorily, before determination of a denial of dis-

charge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

. . . .

(c)(1) The trustee, a creditor, or the United States Trustee may object to the granting of a discharge under subsection (a) of this section.

. . . .

8. **101. Definitions**

In this title—

. . . .

(10) "creditor" means—

(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;

(B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or

(C) entity that has a community claim;

. . . .

9. **101. Definitions**

In this title—

. . . .

(5) "claim" means—

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured;

. . . .

or has been assigned a claim cannot bring a § 727 action. We completely disagree with the debtor's application of *Beugen* to these facts and, similarly, we reject the debtor's broad interpretation of *Beugen's* holding.

In *Beugen,* the creditor was a vexatious litigant who had purchased his claims and initiated litigation solely to harass the debtor. The creditor purchased the claims in an attempt to control the litigation against the debtor through membership on the unsecured creditors' committee. The BAP affirmed the bankruptcy court's order dismissing the creditor's objection to Beugen's discharge and concluded, "[t]he right to object to a debtor's discharge is not a marketable commodity which may be purchased by one party from another *in order to inflict further punishment and discomfort upon the debtor.*" 99 B.R. at 965 (emphasis added).

The extenuating circumstances in *Beugen* produced a holding that is inapplicable to these facts. Both the bankruptcy court's ruling and the BAP's ruling that the claimant lacked standing to object to the debtor's discharge turned on the claimant's course of conduct, not on the fact that the claimant had purchased its claims. *Beugen,* 99 B.R. at 964–65 (affirming the bankruptcy court's finding that the claimant had purchased the claims for an improper purpose and on this specific basis affirmed dismissal of the objection to discharge). Unlike *Beugen,* there are no facts in the record before us to support even an inference that Samsung obtained the claims at issue for a purpose other than to satisfy OC & T's and Hyesong's debt to Samsung.

### V. CONCLUSION

We conclude that absent an improper purpose or motive, an assignee or purchaser of claims has standing to object to a debtor's discharge. Accordingly, Samsung has standing and we AFFIRM.