In re Robert W. DYGERT, Debtor.

Committee of Junior Mortgage Note Holders in Organic Conversion Corporation, Bankruptcy No. 98–34115, Plaintiff,

v.

Robert W. Dygert, Defendant.

Bankruptcy No. 98–45925.
Adversary No. 98–4370.

United States Bankruptcy Court,
D. Minnesota.

April 20, 1999.

Timothy D. Moratzka, Mackall, Crounse & Moore, Minneapolis, MN, for plaintiff.

Edward W. Bergquist, Minneapolis, MN, for defendant.

## MEMORANDUM ORDER

NANCY C. DREHER, Bankruptcy Judge.

The present matter came before the court on a motion to dismiss under Rule 7012(b)(6) brought by Defendant/Debtor Robert W. Dygert ("Debtor") and a motion to intervene under Rule 7024(a) brought by Ken Gere ("Gere"). Timothy Moratzka appeared for Gere and for the Plaintiff, the Committee of Junior Mortgage Note Holders in Organic Conversion Corporation, Bankruptcy No. 98–34115 ("Committee"). Edward Bergquist appeared on behalf of the Debtor.

The Committee is a creditors' committee in the pending bankruptcy case of Organic Conversion Corporation ("OCC"). Gere is one of three individual committee members. The Note Holders, represented by the Committee, loaned OCC approximately $6.1 million, which Debtor personally guaranteed. Therefore, the Note Holders are not only creditors of OCC, but also creditors of the Debtor.

The Committee alleges that Debtor committed fraud and falsified and/or failed to keep accounting records with respect to OCC. Based upon these allegations, the Committee timely brought the present action objecting to Debtor's discharge.[1] Debtor moved to dismiss the action on the ground that the Committee lacked the necessary standing to bring such an adversary proceeding. While still maintaining its standing to object to discharge, the Committee moved to substitute as plaintiff the Chapter 11 Trustee in the OCC bankruptcy, relying on Federal Rule of Bankruptcy Procedure 7025. At the end of the February 18, 1999, hearing, I requested further briefing on the issues raised by the motion to dismiss and the motion to substitute.

Meanwhile, the Committee abandoned reliance on Rule 7025, realizing that its motion was not a proper application of the rule. Instead, Gere brought a motion to intervene under Rule 7024, which was heard by the court on March 25, 1999. Debtor objected to this motion as well, asserting that intervention is not proper when the original plaintiff lacks standing. Importantly, the bar date for bringing § 727 actions has passed, so no other party can bring an action objecting to discharge.

### A. STANDING OF THE COMMITTEE

■ Bankruptcy Code § 727(c)(1) provides: "The trustee, a creditor, or the United States trustee may object to the granting of a discharge...." 11 U.S.C. § 727(c)(1) (1994). Debtor asserts that, because the Committee is not any of these three entities, the Committee lacks standing to maintain the action. The Debtor is correct with respect to the Committee as an entity.

■ Although its members, including Gere, are creditors of Debtor who have standing to sue, the Committee is not itself a creditor. It holds no claim against Debt-

1. The Complaint originally contained six counts. The Plaintiff has agreed to dismissal of Counts I, II, III and IV, which were brought under § 523 of the Code or otherwise required adjudication of each individual Note Holder's respective claim against Debtor.

or. *See* 11 U.S.C. § 101(5), (10) (defining creditor and claim); *see also Ota v. Samsung Electronics Co. (In re Ota),* 192 B.R. 545, 547–48 (9th Cir. BAP 1996) (defining creditor for § 727 actions); *Putnam County Sav. Bank v. Bagen (In re Bagen),* 185 B.R. 691, 694–95 (Bankr.S.D.N.Y.1995) (same). The statutory language clearly states that, other than the trustee or the United States Trustee, only a *creditor* may object to discharge.

■ By comparing the language of § 727(c)(1) with that of (c)(2), it becomes even more apparent that the term "creditor" must be strictly construed. Section 727(c)(2) allows a *party in interest* to request an investigation into whether grounds exist for denial of discharge. Had Congress intended a broad right to object to discharge, it would have used the "party in interest" language in subpart (c)(1) as well, thus allowing a party in interest to object to discharge. Because the Committee is not a creditor *per se,* and such requirement must be strictly construed, the Committee does not have standing to bring the present action.

## B. MOTION TO INTERVENE BY GERE

■ In order to preserve the objection to discharge, Gere, one of the Committee's members, seeks to intervene in the action as a matter of right. Rule 7024(a) governs intervention of right and provides in relevant part:

> Upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Bankr.P. 7024(a).

■ The law is well settled that "intervention will not be permitted to breathe life into a 'nonexistent' lawsuit." *McClune v. Shamah,* 593 F.2d 482, 486 (3d Cir.1979) (citing *Fuller v. Volk,* 351 F.2d 323, 328 (3d Cir.1965)). "A motion for intervention under Rule 24 is not an appropriate device to cure a situation in which plaintiffs may have stated causes of action that they have no standing to litigate." *Id.; see also Mattice v. Meyer,* 353 F.2d 316, 319 (8th Cir.1965) (where party lacked standing to maintain an action, there was no basis for intervention by another party). In this case, the Committee did not have standing to object to Debtor's discharge. Accordingly, if the suit and its commencement date cannot be preserved, technically no action exists in which to intervene, and the motion under Rule 7024(a) would have to be denied.

## C. GERE'S STANDING; MISNOMER; AND REAL PARTY IN INTEREST

■ Gere, as an individual, clearly does have standing; he is a creditor of the Debtor. Further, as a member of the Committee, he has been a plaintiff in this action, if misidentified, from the beginning. The question, thus, should be framed as whether the misidentification is fatal. It is not. Fortunately for Plaintiff, the Federal Rules of Civil Procedure, as incorporated in the Bankruptcy Rules, provide a solution.

Although not relied upon by the parties, Federal Rule of Bankruptcy Procedure 7017(a) resolves the matter. Rule 7017(a) provides:

> Every action shall be prosecuted in the name of the real party in interest.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if

the action had been commenced in the name of the real party in interest.

Fed.R.Bankr.P. 7017(a). This rule requires that the party who brings an action actually possess, under the substantive law, the right sought to be enforced. *United HealthCare Corp. v. American Trade Ins. Co.*, 88 F.3d 563, 569 (8th Cir. 1996); 6A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1543, at 334 (2d ed.1990).

> The modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to ensure generally that the judgment will have the proper effect as res judicata.

Advisory Committee Note, 1966 Amendment. By allowing ratification by, or joinder or substitution of, the real party in interest, the rule seeks to prevent forfeiture of an action when determination of the correct party to bring the action is difficult or when an understandable mistake has been made. *United States v. CMA, Inc.*, 890 F.2d 1070, 1074 (9th Cir. 1989); *Del Re v. Prudential Lines, Inc.*, 669 F.2d 93, 96 (2d Cir.1982); *Crowder v. Gordons Transports, Inc.*, 387 F.2d 413, 418 (8th Cir.1967).

The Committee, as a group of creditors, believed that it could object to discharge. There is a suggestion in the record, unchallenged by the Debtor, that its belief was engendered by advice from the Office of the United States Trustee. The Committee made an understandable mistake: if one creditor can object to discharge, it believed that a group of creditors could band together to object to discharge. Because of such mistake, one action was brought by a Plaintiff identified as the Committee, rather than three actions being brought in the name of three separate

creditors, including Gere. Accordingly, one or all of the individual members of the Committee must be given an opportunity to ratify the commencement of the case and substitute themselves as the real parties in interest.

Substitution under Rule 7017 is distinguishable from substitution under Rule 7025, upon which the Committee previously relied. 4 MOORE'S FEDERAL PRACTICE § 17.12[1][a], at 17–58 (3d ed.1999). The present type of substitution is not limited to instances when death, incapacity, or a transfer of interest requires a substitution of parties. *Id.* It applies when the wrong party is named as a Plaintiff in the suit. *Id.* I think it proper in this case to construe Gere's motion to intervene as his ratification of commencement of the action in his name individually and his request for substitution under Rule 7017(a). *See Sturgeon State Bank v. Perkey (In re Perkey)*, 194 B.R. 846, 848 (Bankr.W.D.Mo. 1996) (treating a trustee's motion to intervene in a fraudulent conveyance action where the original plaintiff lacked standing as a motion for substitution of the real party in interest).

Aside from merely allowing the real party in interest to be substituted in the action, Rule 17(a) also provides that such substitution shall relate back to the commencement of the case. Such a correction in parties is permitted even after the statute of limitations has run. 6A WRIGHT & MILLER, *supra*, § 1555, at 413:

> This provision reflects the general policy of the draftsmen of the federal rules that the choice of a party at the pleading stage ought not have to be made at the risk of a final dismissal of the action should it later appear that there had been an error.

*Id.* at 413–14.[2] This feature of the rule is of utmost importance here, as the bar date

---

2. The Federal Rules of Civil Procedure, as incorporated by the Federal Rules of Bankruptcy Procedure, embody a policy of liberally allowing the addition or subtraction of parties as necessary for a just adjudication of the

claims involved. The Rules offer a variety of methods for correcting errors and oversights in the naming of parties, while specifically avoiding dismissal for such errors.

for bringing another § 727 action has passed. By preserving the commencement date, the rule allows Gere, the real party in interest, to proceed with the action as if it had correctly been brought in his name from the beginning.

In sum, as a creditor, Gere possesses the right sought to be enforced—that is, § 727(c)(1) allows him to object to discharge. Consequently, I will allow Gere to ratify the commencement of the action and to substitute himself as the real party in interest. Because Gere was merely misidentified and was present in the case *ab initio*, there is no issue regarding a "nonexistent" case. Indeed, Rule 7017(a) specifically provides that ratification or substitution relates back to the commencement of the action.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The motion to dismiss brought by Robert W. Dygert is GRANTED as to Counts I, II, III and IV and DENIED as to Counts V, VI and VII;

2. The motion to intervene brought by Ken Gere is DENIED;

3. Pursuant to Federal Rule of Bankruptcy Procedure 7017(a), Ken Gere shall be considered as having ratified the commencement of this action in his individual capacity and as such is substituted as the real party in interest under whose name the action should be prosecuted.

4. Pursuant to Federal Rule of Bankruptcy Procedure 7021, the Committee and its other two individual members are dismissed as parties-Plaintiff in this action.

5. The request for substitution of Michael J. Iannacone, having been withdrawn, is DENIED as MOOT.

6. Henceforth, the caption of this action shall be denominated "Ken Gere, Plaintiff, vs. Robert W. Dygert, Defendant."

SO ORDERED.

Several rules, although not necessarily relevant here, exemplify this policy. For instance, Rule 7015(c)(3) provides:

(c) An amendment of a pleading relates back to the date of the original pleading when . . .

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Bankr.P. 7015(c)(3). The purpose of Rule 15(c), like Rule 17(a), is to provide the opportunity for a claim to be tried on its merits, rather than being dismissed on procedural technicalities, when the policy behind the statute of limitations has been addressed. 3 Moore's Federal Practice, *supra*, § 15.19[3][a], at 15–84.

Rule 7019, which is entitled Joinder of Persons Needed for Just Adjudication, further demonstrates the Federal Rules' liberal attitude toward the joinder of parties. This Rule is designed primarily to promote the policy of protecting from injustice those not yet parties to the action, 4 Moore's Federal Practice, *supra*, § 19.02[1], at 19–9, but at the same time not subjecting the action to dismissal for failure to name all of the necessary parties from the beginning. Under Rule 7019, an action is only dismissed for failure to join an *indispensable* party, i.e., one whose absence poses an overwhelming potential for harm and whose joinder is not feasible. 4 *id.* § 19.02[2][a], at 19–10.

Finally, Rule 7021 represents another method of correcting errors in the naming of the parties to a suit:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. . . .

Fed.R.Bankr.P. 7021. By providing specific tools for dealing with party joinder problems, 4 Moore's Federal Practice, *supra*, § 21.02[1], at 21–4, this rule again demonstrates the Rules' overall liberal approach to correcting such problems and not dismissing the action because of them.