MEMORANDUM **
James W. and Judy M. Keenan appeal from a final decision of the Bankruptcy Appellate Panel for the Ninth Circuit affirming the decision of the Bankruptcy Court for the Southern District of California. We have jurisdiction under 28 U.S.C. § 158(d), and we dismiss the case.
Beyond the constitutional minimum of standing, we require as a prudential matter that a party assert its own legal interests as the real party in interest. See Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir.2004). Appellants’ Complaint demonstrates that they assert injuries to the bankruptcy estate, not to an interest that they held at the time of the suit. Therefore, the bankruptcy estate was the real party in interest at the time of the suit, and Appellants lacked prudential standing when they filed their action. Id. Furthermore, nothing in the record indicates that the bankruptcy trustee abandoned the claims asserted by Appellants, see Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 709-10 (9th Cir.1986), and Appellants have not argued that there was a difficulty or a mistake in determining who was the proper party to bring suit. See United States *677 v. CMA, Inc., 890 F.2d 1070, 1074-75 (9th Cir.1989). But cf. Dunmore, 358 F.3d at 1112-13.
DISMISSED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.