**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER O'NEILL, | No. 14-15447 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-00030-LRH-WGC |
| v. | |
| ROBERT BANNISTER, Dr.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted April 7, 2015[**]

Before:    FISHER, TALLMAN, and NGUYEN, Circuit Judges.

Christopher O'Neill, a Nevada state prisoner, appeals pro se from the district court's summary judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2004), and we affirm.

The district court properly granted summary judgment because O'Neill failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in treating his Hepatitis C and associated pain. *See id.* at 1057 (a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate health" (internal citations and quotation marks omitted)); *see also Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014) ("A difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." (internal citations and quotation marks omitted)).

The district court did not abuse its discretion in denying O'Neill's motion to amend because it sought to add a "separate, distinct and new cause of action." *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (per curiam) (internal citations and quotation marks omitted) (standard of review); *see also United States ex rel. Wulff v. CMA, Inc.*, 890 F.2d 1070, 1073 (9th Cir. 1989) ("The erroneous characterization of the corrected pleading as an amended complaint rather than as a supplemental pleading is immaterial." (internal citations

14-15447

and quotation marks omitted)).

**AFFIRMED.**