
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRATERS & FREIGHTERS, a Colorado corporation, | No. 14-17497 |
| Plaintiff-Appellee, | D.C. No. 4:09-cv-04531-CW |
| v. | |
| KATHY BENZ; FRED R. BENZ, | MEMORANDUM[*] |
| Defendants-Appellants, | |
| and | |
| DAISYCHAIN ENTERPRISES, a California corporation, DBA Freight and Crate, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 25, 2016[]

Before:    LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Kathy and Fred R. Benz appeal pro se from the district court's post-judgment order denying their motion to dismiss this trademark infringement action and ordering joinder of the real party in interest. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the denial of a motion to dismiss. *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1141 (9th Cir. 2016). We affirm.

The district court properly denied the motion to dismiss because it had subject matter jurisdiction over the action. *See* 15 U.S.C. § 1121(a) (trademark jurisdiction); 28 U.S.C. § 1331 (federal question jurisdiction). To the extent that appellants claim that appellee lacked standing, their argument is unpersuasive.

The district court did not abuse its discretion by ordering Craters and Freighters Franchise Company, the real party in interest, to join the action. *See* Fed. R. Civ. P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."); *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, we deny the Benzes' request for oral argument, set forth in their opening brief.

1999) (court reviews district court's decision regarding joinder for abuse of discretion); *U.S. for Use & Benefit of Wulff v. CMA, Inc.*, 890 F.2d 1070, 1074 (9th Cir. 1989) ("The purpose of this portion of Rule 17(a) is to prevent forfeiture of an action when determination of the right party to sue is difficult or when an understandable mistake has been made.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**