NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DW AINA LE'A DEVELOPMENT, LLC, | No. 24-1223 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00113-SOM-WRP |
| v. | |
| STATE OF HAWAII LAND USE COMMISSION; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

| | |
|---|---|
| DW AINA LE'A DEVELOPMENT, LLC, | No. 24-1549 |
| Plaintiff-Appellee, | D.C. No. 1:17-cv-00113-SOM-WRP |
| v. | |
| STATE OF HAWAII LAND USE COMMISSION; et al., | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted February 13, 2025[]
Honolulu, Hawaii

Before: S.R. THOMAS, BRESS, and DE ALBA, Circuit Judges.

DW Aina Le'a Development, LLC ("DW") appeals the district court's judgment in favor of the State of Hawaii and State of Hawaii Land Use Commission (collectively "the State"). DW contends the district court erred in several rulings that preceded its order granting summary judgment in favor of the State. The State cross-appeals, contending the district court should have granted summary judgment on additional grounds. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

**DW's Motion to Assert a Takings Claim on Behalf of Aina Le'a**

While DW does not challenge the district court's analysis of its own takings claim, it argues that the court erred in rejecting its motion to add related entities Aina Le'a Inc. and Aina Le'a LLC (collectively, "Aina Le'a") as parties or, in the alternative, to allow DW to assert Aina Le'a's damages pursuant to an assignment of rights.

DW does not address the district court's grounds for denying its motion to assert a takings claim on behalf of Aina Le'a: that any takings claim belonging to Aina Le'a arising from the State's reversion order would be time-barred. DW

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

therefore waived any challenge to the ruling. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012) ("We review only issues which are argued specifically and distinctly in a party's opening brief." (quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994))).

In any event, the district court did not abuse its discretion in refusing to allow DW to assert Aina Le'a's untimely claim. As this court previously held, the statute of limitations for a regulatory takings claim brought under the United States or Hawaii Constitution is six years. *DW Aina Le'a Dev., LLC v. Haw. Land Use Comm'n*, 834 F. App'x. 355, 355-56 (9th Cir. 2021); *accord DW Aina Le'a Dev., LLC v. Haw. Land Use Comm'n,* 477 P.3d 836, 837 (Haw. 2020). In 2014, the Hawaii Supreme Court affirmed the state circuit court's decision vacating the State's reversion order. Therefore, the limitations period for any takings claim belonging to Aina Le'a expired no later than 2020. *See Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018) ("[L]eave to amend need not be granted when 'any amendment would be an exercise in futility,' such as when the claims are barred by the applicable statute of limitations." (citation omitted) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998))).

DW's argument that Aina Le'a assigned it the right to prosecute the takings claim misses the mark. Regardless of whether Aina Le'a assigned its claim to DW, neither Aina Le'a nor DW sought to assert the claim before the limitations

period expired.

**DW's Motion to Add Aina Le'a as a Party**

"We review Rule 17 determinations for abuse of discretion." *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1128 (9th Cir. 2017). The district court did not abuse its discretion in denying DW's motion to add Aina Le'a as a party under Fed. R. Civ. P. 17(a)(3). Rule 17(a)(3) provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." DW argues that Aina Le'a is the real party in interest because DW will remit any proceeds belonging to Aina Le'a if it prevails. Because the district court did not dismiss the action based on a determination that DW was not the real party in interest, there was no error under Rule 17(a)(3). Rather, the court granted summary judgment in favor of the State because the evidence DW submitted in opposition to the motion did not establish a taking as a matter of law, and because DW failed to submit admissible evidence of damages.

DW cannot use Rule 17 as an end-run to assert an untimely takings claim on behalf of Aina Le'a. Rule 17(a)(3) "is not a provision to be distorted by parties to circumvent the limitations period." *United States ex rel. Wulff v. CMA, Inc.*, 890 F.2d 1070, 1075 (9th Cir. 1989).

4

**DW's Motion to Extend the Expert Witness Disclosure Deadline**

The district court did not abuse its discretion in denying DW's motion to extend the deadline to disclose expert witnesses and reports. Once the district court issues a scheduling order, the schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard 'primarily considers the diligence of the party seeking the amendment.'" *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023) (quoting *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013)).

The record supports the district's court's conclusion that DW was not diligent. DW had over five years to identify expert witnesses and obtain expert reports after it filed the complaint, and thirteen months to comply after the court first set an expert disclosure deadline. After DW's deadline lapsed, DW also waited several months to seek leave to extend the deadline. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

DW's contention that it used its limited resources to oppose the State's motion for summary judgment is not sufficient to show the court abused its discretion. The State filed its motion for summary judgment ten months after the court first set an expert disclosure deadline. DW does not explain why it could not have met its disclosure obligations during those months, nor why it could not both

5

oppose the State's motion and meet its disclosure obligations after the State filed the motion. Moreover, DW never identified any additional witnesses whom it intended to designate as experts, nor explained how additional expert witness testimony would support its takings claim. DW did not establish good cause to extend the deadline.

**AFFIRMED.**[1]

---

[1] Because we affirm the judgment, we need not reach the State's cross-appeal.